BLD-332                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2238
_____

SIMEON BOZIC,
                              Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 16-cv-01763)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 10, 2017

Before:  AMBRO, GREENAWAY, Jr., and SCIRICA, Circuit Judges

(Opinion filed October 16, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Simeon Bozic appeals the Magistrate Judge's orders dismissing his complaint and denying his motion for reconsideration. For the reasons below, we will summarily affirm the Magistrate Judge's judgment.

Bozic, a state prisoner proceeding pro se, filed a complaint in the Court of Common Pleas of Greene County. He alleged that he was being held illegally in prison in violation of Pennsylvania statutes as well as of the Thirteenth Amendment of the United States Constitution. Appellee removed the matter to the United States District Court for the Western District of Pennsylvania and filed a motion to dismiss. Bozic opposed the motion to dismiss and filed a motion to remand his state law claims to the Court of Common Pleas. A Magistrate Judge, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c)(1), granted Appellee's motion to dismiss, denied Bozic's motion to remand, and dismissed the complaint. Bozic filed a motion for reconsideration which the Magistrate Judge denied. He then filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the dismissal of the complaint for failure to state a claim is plenary, see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), and our review of the Magistrate Judge's exercise of supplemental jurisdiction over the state law claims is for an abuse of discretion. See Bright v. Westmoreland Cty, 443 F.3d 276, 286 (3d Cir. 2006).

In 2007, Bozic was convicted of, inter alia, first-degree murder by a jury in the Court of Common Pleas of Philadelphia County. In March 2008, he was sentenced to the

mandatory minimum sentence of life in prison without parole. His sentence was the result of a bargain with the Commonwealth: if he testified against his co-defendant, the Commonwealth would not seek the death penalty.

In his complaint, Bozic alleged that he discovered that there was no written sentencing order[1] in his criminal case and, therefore, his confinement was illegal. He argued that his confinement violated his Thirteenth Amendment right to be free from involuntary servitude. He contended that Appellee was unlawfully restraining and falsely imprisoning him in violation of Pennsylvania law.

Normally, a state prisoner cannot bring a claim for damages for an allegedly unconstitutional imprisonment until his conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).[2] However, if success on the claims would not necessarily demonstrate the invalidity of the criminal judgment, the action may proceed. Id. at 487. To the extent that success on Bozic's claims of unconstitutional confinement, unlawful restraint, and false imprisonment would undermine his criminal judgment, they are barred by Heck. But here, as discussed below, even if Bozic successfully proved that there was no written sentencing order, his sentence and

---

[1] To support his allegation that there is no written sentencing order, Bozic submitted a statement from the Records Supervisor at his prison. She stated that there was no sentencing order in her possession, i.e., at the prison. Bozic did not state whether he requested a copy of his sentencing order from the court that sentenced him. He simply claimed that no such order exists.

[2] We note that in his habeas petition, which is pending in the District Court for the Eastern District of Pennsylvania, Bozic explicitly stated that he was not raising this claim.

conviction would not be invalidated. Therefore, to the extent that Bozic challenges the paperwork, or lack thereof, regarding his sentence, his claims are not barred. However, they are meritless.

The Thirteenth Amendment to the Constitution prohibits involuntary servitude except as a punishment for a crime if the party was "duly convicted." See Tourscher, 184 F.3d at 240. Bozic does not dispute that he was convicted of first-degree murder and that the sentencing judge sentenced him to the mandatory sentence of life in prison.[3] That the Appellee does not possess a copy of a written sentencing order for Bozic, or that one does not exist, does not make his confinement unconstitutional or unlawful. Even if we were to decide that the failure to create a written sentencing order is an error, "[i]t is well-established that a prisoner cannot escape punishment simply because the court committed an error in passing sentence. Neither should one escape punishment when the error at issue is not in the sentence itself but only in the record keeping associated with the sentence." Evans v. Sec'y Pa. Dep't of Corr., 645 F.3d 650, 662 (3d Cir. 2011) (citations omitted).

---

[3] Appellee submitted the certified court commitment, Bozic's criminal docket, and the transcripts of Bozic's sentencing hearing. The docket indicates that on March 13, 2008, an order was docketed imposing the sentence. The certified court commitment indicates that Bozic was sentenced to life in prison for first-degree murder effective March 13, 2008. The sentencing transcripts reflect that the sentencing court imposed a sentence of life in prison without parole for the first-degree murder conviction. Bozic does not dispute the authenticity of these documents, and it was not improper for the Magistrate Judge to consider them. See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993) (District Court may consider undisputedly authentic document attached to motion to dismiss).

Although the federal claim was dismissed before trial, the Magistrate Judge did not abuse her discretion in exercising supplemental jurisdiction over Bozic's state law claims. It would be unfair and inconvenient to require the Appellee to continue to litigate Bozic's meritless claims, and it would unnecessarily use the resources of the Pennsylvania state courts. See 28 U.S.C. § 1367(a) (federal court has supplemental jurisdiction over related claims forming part of the same case or controversy); Bright, 443 F.3d at 286 (if federal claims are dismissed before trial, federal court must decline supplemental jurisdiction unless (as here) judicial economy, convenience, and fairness to the parties justify it).

Bozic alleged that Appellee unlawfully restrained and falsely imprisoned him in violation of 18 Pa. Cons. Stat. Ann. §§ 2902 & 2903. However, both unlawful restraint and false imprisonment require that the detention be unlawful. See 18 Pa. Cons. Stat. Ann. § 2902 (one commits unlawful restraint when one "restrains another unlawfully in circumstances exposing him to risk of serious bodily injury"); 18 Pa. Cons. Stat. Ann. § 2903(a) (one commits false imprisonment when one "restrains another unlawfully so as to interfere substantially with his liberty"). Here, Appellee's detention of Bozic is lawful, and his state law claims fail.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the Magistrate Judge, we will summarily affirm the Magistrate Judge's order. See Third Circuit I.O.P. 10.6.

5